EILEEN A. ROWAN, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Action to recover benefits under the provisions of an accident policy issued by appellant. Judgment in favor of plainitff, entered after a trial by the court without a jury, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ.

PHILIP SACK, Respondent, v. ALL STATES HOLDING CORPORATION et al., Appellants.— The action is to recover damages for personal injuries sustained by plaintiff when he was struck by an elevator in a building owned by defendant All States Holding Corporation and managed by defendant Mammoth Storage Warehouse, Inc. On plaintiff's motion an order was made directing the examination before trial of defendants as adverse parties. Such examination has been had. The order also directed defendants to produce a statement concerning the happening of the accident, prepared by a representative of defendants and signed by plaintiff, and it is from the latter part of the order that defendants appeal. Plaintiff in his moving affidavit merely states that the statement was obtained at a time when he was not represented by counsel and he does not recollect its contents. Assuming, without deciding, that the statement is a document within the purview of section 324 of the Civil Practice Act, as such an application is directed to the sound discretion of the court (*Murphy* v. *Keenan,* 101 Misc. 443, affd. 183 App. Div. 923), it was error to grant the motion. *Meehan* v. *McCloy* (266 App. Div. 706) and *Bearor* v. *Kapple* (24 N. Y. S. 2d 655, not officially reported), relied upon by respondent, are readily distinguished. In those cases it appeared that the statements were obtained by overreaching or fraud on the part of defendants' representative, that plaintiffs were coerced to make them, and that they were obtained when plaintiffs were sick or in such a condition that they did not know and could not appreciate what they were saying or doing. Order, insofar as appealed from, reversed on the law, with ten dollars costs and disbursements, and the motion, insofar as it grants an inspection of the statement made by plaintiff, denied in the exercise of discretion, without costs. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.

FREDERIO R. SANBORN, Appellant, v. HELEN M. WACKER, Individually and as Executrix of GEORGE E. SMITH, Deceased, et al., Respondents, et al., Defendants.— Action to foreclose a mortgage on real property. Order granting reargument and upon reargument denying appellant's motion for leave to enter a deficiency judgment or to amend the judgment of foreclosure *nunc pro tunc* so as to include a provision for the entry of a deficiency judgment, insofar as appealed from, affirmed, with ten dollars costs and disbursements. Order confirming referee's report of sale, insofar as appealed from, affirmed, without costs. No opinion. Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur. [See *post,* p. 863.]

VERA SEMASCHUK, Respondent, v. KARP SEMASCHUK, Appellant.— Order of the Domestic Relations Court of the City of New York (Family Court), Kings County, made after trial, directing the appellant to make weekly payments toward the support of his wife, unanimously affirmed. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.