THE PEOPLE OF THE STATE OF NEW YORK ex rel. MERGENTHALER LINOTYPE COMPANY, Appellant, against WILLIAM W. MILLS et al., Constituting the Tax Commission of the City of New York, Respondents. [23 Ryerson St., Borough of Brooklyn.] — Appeal from an order in tax certiorari proceedings, which granted a discovery and inspection of contractor's proposals and other records pertaining thereto, submitted by appellant to the United States Government in connection with the sale of certain war materials by appellant to the United States. The certiorari proceedings were based upon the claim that the premises in question, occupied by appellant under a lease from the United States which required the lessee to pay all taxes assessed against the property, were owned by the United States and therefore exempt from taxation. Respondents contended that while legal title may have been in the United States, equitable ownership was in the Defense Plant Corporation, whose property was not exempt. Discovery and inspection of the documents referred to above was sought upon the theory that they would show that the real estate taxes on the property involved herein were included and allowed as an item of expense in computing the price of the products sold to the United States; and that they would, therefore, be some evidence that the United States did not intend that the property

be tax exempt, and that it was considered property of the Defense Plant Corporation. Order reversed upon the law, with $10 costs and disbursements, and the motion denied, without costs. Documents, to be subject to inspection, must relate to the merits of the action or defense and themselves be evidence. (Civ. Prac. Act, § 324; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 29; *Falco* v. *New York, New Haven & H. R. R. Co.*, 161 App. Div. 735, 737.) Assuming, without deciding, that the papers and records sought to be discovered would show payment of taxes by the United States, such payment would have no bearing whatsoever on the issue of title or ownership upon which the question of tax exemption depends. Nor would payment be any proof of waiver by the United States of its immunity from taxation. (*Austin* v. *The Aldermen*, 7 Wall. [U. S.] 694, 699; *Oklahoma* v. *Barnsdall Corp.*, 296 U. S. 521, 526; *United States* v. *Allegheny County*, 322 U. S. 174, 189.) Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur. [See *post*, p. 911.]