Dore, J.
(dissenting in part). The witness Traynor, officer of plaintiff directed to appear and be examined as to his “ knowledge ” of the items, repeatedly testified that the only information he or plaintiff corporation had was set out in the complaint: that such information had been furnished when plaintiff’s attorney submitted the complaint for verification and advised Traynor to sign it; and that the information was in writing in the complaint and the advice to sign was oral. Defendant’s counsel then called on Traynor ‘ ‘ to produce and bring with you all such evidence, facts, and knowledge, oral and documentary, if any, in the possession or under the control of plaintiff’s attorneys.” (Emphasis supplied.) To this plaintiff’s attorney replied that all the information in his possession “ consists of statements of witnesses and investigators and statistical data procured by us [the attorneys] in preparation for the trial of the pending action ” and that it would not be produced. Defendant’s counsel then asked: “ And you also refuse to give us the names of the witnesses to which you have referred? ” He received the same answer. Defendant’s counsel then asked plaintiff’s attorney himself to take the witness stand and reveal the information he had in his possession, but plaintiff’s attorney refused to do so.
*149 Counsel for defendant on argument and in his brief expressly stated that he “ is not seeking to obtain the files of appellant’s attorneys, their trial statements of witnesses, investigation reports, or statistical data.” But this record indicates that such evidence is precisely what defendant is seeking.
Memoranda and statements taken by an attorney in the course of preparation for trial of an action are not evidence and differ from documents created without privilege prior to the existence of the cause of action. Obviously the statements of shoppers who may be witnesses would be hearsay. In People ex rel. Lemon v. Supreme Court (245 N. Y. 24) defendant in a criminal case demanded that the prosecution produce statements of an accomplice, a postmortem examination and a chemical analysis of the alleged victim’s body. The trial court granted the demand, but the Court of Appeals reversed, Cabdozo, J., speaking for that court, said (p. 29): “ Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence can be gathered. Documents to be subject to inspection must be evidence themselves [citing cases] * * Applying that rule to the case before us, I think it clear that statements of the attorneys, shoppers and proposed witnesses are not evidence in themselves, not at least at this stage of the litigation. Judge Cabdozo in People ex rel. Lemon (supra) immediately after what is quoted above, continues : “ No precedent can be found even in civil causes for compelling disclosure, in advance of the trial, of the office notes or memoranda prepared by an attorney after consultation with his witnesses, and summarizing his understanding of the testimoney that is likely or expected.” So in Falco v. New York, New Haven H. R. R. Co. (161 App. Div. 735, 737 [2d Dept.]), the court said: “ The documents sought to be discovered are not evidence within the purview of the statute or the rules. It is not enough that the documents suggest or may furnish a clew to evidence.” (See, also, People ex rel. Mergenthaler Linotype Co. v. Mills, 273 App. Div. 860 [2d Dept.].)
In Bloodgood v. Lynch (293 N. Y. 308) plaintiff’s witness Prior testified on the trial itself that he had in his possession a photograph of the front view of defendant Lynch’s car but refused to produce it on demand of defendant’s counsel; and the trial court refused to direct him to do so. The Court of Appeals reversed and sent the case back for a new trial but carefully pointed out that on the record it was not clear “ whether the photograph in question was made in preparation for the trial *150 under the direction of defendants or their counsel. The general rule is that the court has the power to direct production of documents which are within the court room so long as the client could have been compelled to produce them by service of a subpoena duces tecum. * * * Neither the client nor the counsel may be compelled, however, to produce a document which has the status of a privileged communication between attorney and client when the privilege is claimed by the client.” (P. 314.)
Defendant has failed to produce a case in this court or the Court of Appeals that would compel a pretrial revelation of all the evidence defendant is here attempting to secure. I think plaintiff’s attorneys should not be compelled, directly or indirectly, to yield up such pretrial work in an examination of plaintiff before trial.
The disputed issues between the parties are not as broad as defendant indicates. After summarizing plaintiff’s complaint, defendant in its brief then states categorically that the “ answei contains a general denial. ’ ’ But the pleadings show that before any of defendant’s six affirmative defenses are alleged, defendant in the part of the answer relating to denials expressly makes the following significant admissions of allegations in plaintiff’s complaint:
(1) “ that since on or about August 1, 1945, and continuing up to the present time, all sales of ‘ furs ’ by defendant have been made from the ‘ fifth floor premises ’ ”;
(2) “ that infrequently, and for a comparatively short time after August 1, 1945, inconsequential displays of ‘ furs ’ were made by defendant in the premises covered by the ‘ main lease ’
(3) “ that customers of the defendant interested in the purchase of ‘ furs ’ from the defendant enter the ‘ fifth floor premises ’ through the ‘ main premises ’ in elevators running from the ‘ main premises ’ operated by the defendant and used exclusively by defendant’s employees and customers, and that from time to time customers of the defendant interested in the purchase of ‘ furs ’ are escorted to the 6 fifth floor premises ’ by sales people of the defendant stationed in its ‘ main premises ’ or are given cards by such people and directed to particular employees of the defendant stationed in the ‘ fifth floor premises ’
,(4) “ that some ‘ furs ’ sold by the defendant are packed in and shipped from the basement of the ‘ main premises ’
*151 (5) “ that1 furs ’ purchased by the defendant are received by it in the first instance in the basement of the ‘ main premises ’ and are sent from there direct to the ‘ fifth floor premises ’ for sale to its customers
(6) “ that from time to time the defendant has advertised its ‘ furs ’ in newspapers and periodicals published in the City of New York and elsewhere and that said fur department is located on the ‘ fifth floor premises ’ ”.
On defendant’s own pleading it thus appears that since August 1, 1945, defendant admits that it has conducted its fur business [probably the most expensive and lucrative part of its entire business], not in the main premises where it previously did, but on the fifth floor. Such change was made obviously to avoid paying the percentage rental. This is, in part at least, an admission by defendant of plaintiff’s main charge in the complaint that from the very day in question defendant purported to move its fur department from the main premises at 742 5th Avenue to the “ fifth floor premises ”. Whether that was a breach by the defendant, the tenant, of the lease of the main premises in 742 is largely a question of law depending on interpretation, in the light of all the facts, of the language of the main lease. In that lease defendant expressly agreed it will operate in plaintiff’s premises at 742 5th Avenue (the main premises here in question) “ a store ” for the sale of women’s apparel and that “ the business will be conducted and maintained in a manner substantially similar to the Tenant’s present store at #729 Fifth Avenue, New York City ”.
Under the terms of the main lease plaintiff, the landlord, had the right to examine the books of account and memoranda from the cash register records and other evidence of the tenant’s gross receipts from the main premises and the tenant was obligated periodically to give sworn statements certified by a reputable certified public accountant showing in detail such gross receipts. Presumably such examinations were had and such statements given so that what sales, if any defendant excluded from reported sales in the main premises should be easily established by its own records of which it has at all times first hand knowledge.
Accordingly, of all the numerous items of examination on which five of plaintiff’s witnesses already have been examined by this tenant, the nub of the difference between the parties is the direction in the order for examination to produce certain documents; viz., all reports of visits and inspections by agents of plaintiff and all reports in plaintiff’s possession relating to *152 defendant’s use of the main premises and the fifth and eighth floor premises and all papers and records which evidence or support the allegations contained in the operative paragraph of the complaint that the sales purportedly made on the fifth floor actually were in truth and fact made in the main premises.
The order appealed from in my judgment is clearly erroneous and I entirely concur in its reversal. The majority opinion, however, states that defendant is entitled either hy a bill of particulars or on the plaintiff’s examination before trial to elicit all necessary information including a general outline of the transactions of which the plaintiff complains and ‘ ‘ detailed information as to any inquiries, sales or other transactions concerning which the plaintiff intends to offer proof for the purpose of establishing its claims of locale or diversion of sales ” including ‘ ‘ the articles and amounts of money involved in each transaction as well as the number of each sales slip or check, if available.” It also provides that if such information is not furnished by a bill of particulars or if the bill is inadequate, defendant may move to preclude or for further examination 11 of the investigators or shoppers as witnesses or agents of the plaintiff having knowledge of the facts # * I think that the “ detailed information as to any inquiries, sales or other transactions ” and the alternative of an examination of plaintiff’s investigators or shoppers as witnesses, permits defendant a compulsory pretrial disclosure of plaintiff’s attorneys’ files disgorging to defendant’s attorneys all the work plaintiff’s attorneys did in preparation for trial and also permits in part an examination of nonevidentiary documents not subject to pretrial examination. The sole issue is a very limited and narrow one, i.e., whether as plaintiff claims sales not reported by defendant as made in the main premises were actually made there but were not considered in computing the required percentage rent in that part of plaintiff’s building.
It may well be that a bill of particulars by plaintiff giving dates when the sales or transactions relied on by plaintiff were made; the name, if known, of defendant’s employee or agent involved, and copies of the sales slips if available — should be furnished by plaintiff. Such bill would give defendant all the information material and necessary for it in the light of the information it already has to prepare to meet the single limited claim of plaintiff. But the majority opinion goes much further than that and to such extent I cannot concur in it. In the alternative direction for an examination of plaintiff’s “ shoppers and witnesses ”, the majority opinion grants defendant what defendant itself, formally at least, admits it is not in law entitled to.
*153 I am convinced that the result indicated is not warranted by the facts before us on this record. Accordingly, I concur in the reversal but do not concur in either the scope or the result reached in the majority opinion herein; and to that extent I dissent in part and vote to reverse the order appealed from in all respects and to deny the motion.
Peck, P. J., Cohn and Shientag, JJ., concur with Callahan, J.; Dore, J., dissents in part and votes to reverse the order and deny the motion, in opinion.
Order reversed, without costs. The parties should proceed as directed in opinion. Settle order on notice.