MARIE TOFTEGAARD, an Infant, by SVEND TOFTEGAARD, Her Guardian ad Litem, et al., Plaintiffs, v. ROSE M. HART, Doing Business as " HART & SONS LAUNDRY ", et al., Defendants.

County Court, Rensselaer County, November 28, 1950.

*W. Joseph Shanley* for plaintiffs.

*John J. Scully* for defendants.

HAMM, J. It is alleged that the infant plaintiff herein sustained personal injuries on July 22, 1950, when struck by a motor vehicle owned by one of the defendants and operated by the other and that her father and guardian ad litem sustained damages incidental to her injuries.

The plaintiffs seek to examine and make a copy of a statement signed by the infant plaintiff.

It is admitted in the pleadings that the infant plaintiff is sixteen years of age.

The plaintiffs' moving affidavits are not contradicted. The affidavit of the infant plaintiff recites:

" That on or about the 4th day of August, 1950 deponent was one of the park directors assigned to the playground situated at 120th Street and First Avenue, in the City of Troy, when a young man came to the playground and was directed to your deponent. Deponent was informed by said young man that he was from the insurance company of Hart & Sons Laundry and

wanted to talk to your deponent about the accident. He asked your deponent to sign a statement of the accident; your deponent told him that she wouldn't unless her mother was present to see it and that she wouldn't be home until 5:00 o'clock. Said young man then told your deponent that he had to have her signed statement that day and could not go back to the office without the statement; that deponent would have to sign it anyway even if he did see her mother. Deponent became very nervous, frightened and confused and did not know what to do especially when he told her that she had to sign the statement. This young man further told deponent that he could not wait to see deponent's mother and that he had to be back at his office at 5:00 o'clock; that deponent might as well sign it because he could not settle the case unless deponent did sign it. He looked at deponent's leg and said it would be about two weeks before the bandages would be off and before the doctor would discharge her and that if deponent would have the doctor and hospital bills and the bill for the damage to the motor bike ready, he would be back in a couple of weeks to see deponent's father and mother to settle the case; that he would have to have said bills before he could settle the case. Deponent believed said statements and signed the statement without reading it.

" That deponent did not receive a copy of said statement and when the young man left that day that was the last she saw him or the statement, and as deponent did not have an opportunity to read said statement she is completely ignorant of its contents.

" That deponent had not at any time invited or sent for said young man who procured her signature to said statement; that deponent never saw him before that day, has never seen him since and does not know his name."

It appears from the quoted portions of the foregoing uncontradicted affidavit there are in this case special circumstances which distinguish it from *La Maida* v. *Miledna Realty Corp.* (182 Misc. 690) and from *Sack* v. *All States Holding Corp.* (268 App. Div. 793).

In the circumstances here existing the defendants should produce the statement and permit the plaintiffs to examine it and copy its contents. (*Bearor* v. *Kapple*, 24 N. Y. S. 2d 655; *Meehan* v. *McCloy*, 266 App. Div. 706, motion for leave to appeal denied 266 App. Div. 761 [3d dept.]).