RONALD GOLDMAN, Respondent, v. CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries sustained by the respondent as a result of having been shot by the negligent discharge of the revolver of a police officer in the employ of the appellant. Judgment reversed on the facts and a new trial granted, with costs to abide the event, unless within twenty days after the entry of the order hereon respondent stipulate that the verdict in his favor be reduced to $50,000, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion the verdict of the jury in the sum of $75,000 was excessive. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ.

MAU-STE FALLSBURG CORP., Appellant, v. JACOB COHEN et al., Respondents. — In an action to recover damages for fraud and for the return of security deposited on the execution of a lease, plaintiff appeals from an order granting defendants' motion to change the place of trial from Kings County to Sullivan County on the ground that the convenience of material witnesses will be promoted by the change. (Civ. Prac. Act, § 187, subd. 3.) Order reversed on the law and the facts, with $10 costs and disbursements, and the motion denied, with $10 costs. Although the cause of action arose in Sullivan County, defendants have not shown that the material witnesses resident in Sullivan County sufficiently outnumber the material witnesses resident in Kings County to justify a change of the place of trial, since the action is brought as of right in Kings County. Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

PATRICK PITRELLO, Respondent, v. PAUL GAREO, Appellant.— In an action to recover damages for personal injuries, order granting plaintiff's motion for a preference in the trial of the action reversed on the law and the facts, with $10 costs and disbursements to appellant to abide the event, and motion denied, without costs. In our opinion, upon the facts disclosed by the record, the granting of the motion was an improvident exercise of discretion. (Cf. O'Callaghan v. Brawley, 276 App. Div. 908.) Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ., concur.

JOHN RICE, Appellant, v. PEGGY DOUGLAS et al., Respondents.— Action to recover damages for personal injuries alleged to have been suffered by plaintiff when he was struck by an automobile owned by defendant Douglas and operated by defendant Kiviranta. Judgment, entered on the verdict of a jury in favor of defendants, unanimously affirmed, with costs. No opinion. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ.