Under no fair interpretation of the evidence could it be said that there was not a reasonable doubt of defendant's guilt. Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SANTANIELLO, Appellant.—

No opinion. Present — Johnston, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

ANNE QUINLAN, Respondent, v. F. & M. SCHAEFER BREWING CO., Appellant.

There was no sufficient showing warranting the exercise of discretion in favor of granting the preference. (Cf. *O'Callaghan* v. *Brawley,* 276 App. Div. 908; *Braver* v. *Davis,* 277 App. Div. 879; *Pitrello* v. *Garro,* 278 App. Div. 770; *Svei* v. *Minck Bros. & Co.,* 279 App. Div. 597.) Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.

ROBERT T. REISS, Respondent, v. ARABIAN AMERICAN OIL COMPANY, Appellant.

The written contract of employment was for work to be performed in Saudi Arabia and other foreign locations; and the contract provided that plaintiff would be dismissed without compensation for transportation and traveling expenses back to this country for certain specifically stated conduct on his part and, further, in what has been characterized as clause (b), that the defendant would have the right to terminate his services "for any other reason" upon payment of such return transportation and traveling expenses plus salary for normal travel time for such return and a sum equivalent to four weeks' basic salary. The defendant terminated plaintiff's services in reliance on said clause (b), and made the payments therein provided. In our opinion, clause (b) invested defendant with the right to terminate the services even though plaintiff had not himself breached the contract, so long as such action on the part of defendant was based on a justifiable view on its part, had in good faith, that it would be benefited thereby. The undisputed evidence of friction between plaintiff and Arab workmen, representatives and officials, and between plaintiff and other Americans on the site, compels the conclusion that the defendant terminated the contract with good faith and in accordance with the provisions of clause (b). Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.