CHARLES E. FAENDRICK, Respondent, v. ALLIED AVIATION SERVICE INTERNATIONAL CORPORATION, Appellant.— In an action to recover damages for personal injuries sustained by the plaintiff by reason of the alleged collapse of a metal stairway or platform supplied by the defendant, the latter appeals from an order granting plaintiff's motion for discovery and inspection, which order provides " that in the event said platform or staircase mentioned in the complaint has been disposed of that the defendant furnish to the plaintiff any reports of inspection or examination they may have to indicate the condition of the said platform or staircase after the occurrence." Defendant also appeals from an order granting its motion for reargument which, upon such reargument, adhered to the original decision. Order on reargument modified by striking out the last ordering paragraph and by substituting therefor a provision denying plaintiff's motion. As so modified, order affirmed, with $10 costs and disbursements to appellant. Appeal from original order dismissed, without costs. It is conceded that defendant sold as scrap the stairway involved in the accident shortly after the accident and can no longer produce it for inspection. " Documents, to be subject to inspection, must relate to the merits of the action or defense and themselves be evidence." (*People ex rel. Mergenthaler Linotype Co.* v. *Mills*, 273 App. Div. 860; *Ehrlich* v. *New York Central R. R. Co.*, 251 App. Div. 721.) The reports sought here are not shown to be admissible in evidence. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

■

WILLIAM FAREWELL et al., Respondents, v. SAMUEL R. MILBANK, Appellant. —In an action to recover damages for personal injuries and for expenses and loss of services, order granting plaintiffs' motion for a preference in the trial of the action reversed, with $10 costs and disbursements, and motion denied, with $10 costs. There was no sufficient showing warranting the exercise of discretion in favor of granting the preference. (Cf. *Quinlan* v. *Schaefer Brewing Co.*, 279 App. Div. 805; *O'Callaghan* v. *Brawley*, 276 App. Div. 908; *Braver* v. *Davis*, 277 App. Div. 879; *Pitrello* v. *Garro*, 278 App. Div. 770, and *Svei* v. *Minck Bros.*, 279 App. Div. 597.) The authorities relied on by plaintiffs (*Belcher* v. *Erie R. R. Co.*, 280 App. Div. 796; *Bernstein* v. *Strammiello*, 202 Misc. 823) are readily distinguishable. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.