Nicholas M. Pette, J.
The plaintiff in an action to recover damages for personal injuries moves for an order to perpetuate his own testimony, with the right, of course, to the defendants to cross-examine him, and for the discovery and inspection of the statements taken of the plaintiff or of his wife by a representative of the defendants, relating to the accident upon which this action is based.
It is not denied that photo static copies of all medical reports were furnished to the defendants’ representative and also to the doctor who, on their behalf, conducted a physical examination of the plaintiff. Yet, the opposing papers contain no medical proof of any kind to support the claim of one of the attorneys for the defendants that the physical condition of the plaintiff is not as serious as asserted in the supporting affidavit of plaintiff’s physician and in a copy of the hospital record signed by the doctor who performed the surgery and whose final diagnosis was: “Acute contusion of myocardium. Arteriosclerotic heart disease. Essential vascular hypertension. Laceration left ear. Fractures left 6th, 7th, and 8th ribs. ’ ’
Although the conclusion of the plaintiff’s physician, that the seriousness of his injuries indicate that plaintiff’s life expectancy may be of short duration, appears to be guarded, there is little question, from the actual medical proof submitted, that *193 plaintiff’s condition is serious, that he is still at his home as a result of the injuries sustained on October 1, 1956, and that this is a proper case for the perpetuation of plaintiff’s testimony, particularly since the only witnesses to the accident were the plaintiff and the defendant Antonio Costa.
As to the discovery and inspection of the statements furnished by the plaintiff and his wife to a representative of the defendants, the Appellate Division of the Third Department has recently stated in substance that liberal rules for examinations before trial have been developed to eliminate any elements of surprise whenever practicable, to the end that the great mass of personal injury cases which clog the court calendars may be fairly and speedily disposed of either by way of trial or settlement, and that “ By the same token * * * [there is] no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.” (Wilhelm v. Abel, 1 A D 2d 55, 56-57.)
This court not only agrees with the foregoing views, but is of the opinion that they apply perhaps more strongly in this court, where calendar congestion has become a serious problem. In any event, it is not denied that the statement which the plaintiff furnished to the defendants’ representative was given to him a day after plaintiff returned from the hospital, although he was a very sick man at that time, and that his wife’s statement was given to such representative while the plaintiff was still in the hospital. On neither of these occasions was plaintiff represented by an attorney, nor, indeed, had he yet retained an attorney. The motion is, accordingly, granted in all respects.
Settle order on notice.