L. Babrom Hill, J.
By this motion plaintiff La Purka seeks an order of discovery and inspection to permit him to see a statement, heretofore signed by him, concerning the accident. The statement was obtained by a representative of defendant, no copy being supplied to plaintiff, at a time .when plaintiff was recuperating from his injuries. The “ adjustor ”, when obtaining the statement, represented to plaintiff that it would facilitate the settlement of plaintiff’s claim. Subsequently, plaintiff obtained an attorney and commenced this action which, has been consolidated for trial.
Defendant resists the motion relying on Sack v. All States Holding Corp. (268 App. Div. 793 [2d Dept.]); La Maida v. Miledna Realty Corp. (182 Misc. 690) and Scavone v. Bush (193 Misc. 268). In support of the motion, plaintiff cites Wilhelm v. Abel (1 A D 2d 55) [3d Dept.]); Destin v. Bernhard Mayer Estate (123 N. Y. S. 2d 271) and Herlihy v. Costa (5 Misc 2d 192). Defendant urges that despite the recent holding of the Appellate Division, Third Department, in Wilhelm v. Abel (supra) followed by Mr. Justice Pette, sitting at Special Term, Queens County, in Herlihy v. Costa (supra) that this court is bound by the holding of the Appellate Division, Second Department, in Sack v. All States Holding Corp. (supra). I find nothing in Sack v. All States Holding Gorp. (supra) which prevents me from granting plaintiff’s motion in view of the factual situation presented.
The trial of an action at law is not — and never has been — a game. Valuable rights of individuals are to be decided and determined with a view at all times of administering justice. I am compelled to the belief that the rationale expressed by Mr. Justice Walter in Destin v. Bernhard Mayer Estate (supra) and the dissent of Mr. Justice Hammer in La Maida v. Miledna *897 Realty Corp. (supra) if followed in this situation will have a greater tendency to protect the individual rights than will the rationale of the majority opinion in the La Maida case.
Can it be said that justice will be promoted by permitting defendants to “ trip ” plaintiff on some technical inconsistency between the statement and his testimony given, probably, some four years after the event? If the statement is the true version of the occurrence, how can defendant be harmed if plaintiff’s testimony at the trial is consistent with the statement?
• If the statement was obtained by defendant’s representative, in good faith, so as to facilitate a settlement of the controversy, it seems to me that fairness would dictate that plaintiff would have been provided with a copy in the first instance.
I can conceive of no good reason in these days of grossly overcrowded calendars, requiring for the administration of justice that the courts and counsel do everything possible to facilitate the trial and settlement of actions, why the motion should not be granted. Accordingly, it is.
Settle order.