JUANITA URBINA, as Administratrix of the Estate of MARGARITA URBINA, Deceased, Respondent, *v.* CLARK McLAIN et al., Appellants.

First Department, November 26, 1957.

*I. Sidney Worthman* of counsel (*Tropp & Steinbock,* attorneys), for appellants.

*Bernard Sternin* of counsel (*John M. Wilson* and *Harry A. Spiegelman* with him on the brief; *Allan Maurer,* attorney), for respondent.

VALENTE, J. In this case, Special Term granted plaintiff a discovery and inspection of a statement made to an investigator of defendant by plaintiff's 11-year-old daughter. Recognizing that the statement was that of a witness, and not of a party, the court below rested its exercise of discretion on the close relationship of the witness to the deceased infant, the witness' tender age, special circumstances and the best interests of justice. We hold that the particular facts of this case did not call for a relaxation of the general rule which excludes from the ambit

of discovery procedure a statement of a witness, otherwise available to a party for interrogation.

Section 324 of the Civil Practice Act provides for the discovery and inspection of a document or paper in the possession of a party, "relating to the merits of the action, or of the defense therein". To be subject to inspection the document or paper must itself be evidence (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 28–29; *People ex rel. Mergenthaler Linotype Co.* v. *Mills*, 273 App. Div. 860). The statement of a party to a suit constitutes an admission, therefore it can be received in evidence. Thus in recent cases a rule has been adopted permitting inspection of a party's own statement to his opponent's investigators (*Wilhelm* v. *Abel*, 1 A D 2d 55; *Herlihy* v. *Costa*, 5 Misc 2d 192; see New York Procedures to Obtain Information in Civil Litigation by Weinstein and Bergman, 32 N. Y. U. Law Rev. 1066–1121, 1111–1112).

But in dealing with a statement of a witness, different considerations come into play. Such a statement is not " evidence in chief " and may be introduced at a trial only for the purpose of impeachment (Civ. Prac. Act, § 343-a). Even then, the averments therein cannot serve as affirmative evidence of the truth of the facts stated. (*Matter of Roge* v. *Valentine*, 280 N. Y. 268; *Fitzgibbons Boiler Co.* v. *National City Bank*, 287 N. Y. 326.)

Despite the tendency to liberalize pretrial procedures, section 324 of the Civil Practice Act has not yet been interpreted to include the discovery and inspection of a statement by a witness who is otherwise available for interrogation by the party seeking the discovery. Even under the liberal Federal discovery rules (U. S. District Ct. Rules of Civ. Pro., rule 34, U. S. Code, tit. 28, p. 4322) where discovery may be obtained by " any party showing good cause therefor " it has been held " that if the witnesses themselves are available to the party and can be interrogated or examined by him, there will ordinarily be no occasion for ordering production of their statements " (4 Moore on Federal Practice [2d ed.], § 26.23, p. 1141; *Hauger* v. *Chicago, Rock Is. & Pacific R. R. Co.*, 216 F. 2d 501, 508; *Helverson* v. *Newberry Co.*, 16 F. R. D. 330).

In the instant case plaintiff is suing for damages for the wrongful death of a five-year-old daughter who fell from a fire escape on defendant's premises. At the time of the occurrence, plaintiff was working away from home, and had left the decedent in the care of an 11-year-old sister. About six days after the accident, an investigator employed by defendant's insurance carrier called at plaintiff's home; and, after conversing with

plaintiff and her 11-year-old daughter, he prepared a statement and obtained the child's signature to it. It appears, too, that the investigator also procured a statement from the mother, appended to the daughter's statement, in which the mother, in effect, averred that she had read the statement to the daughter and that the child had reiterated that the accident happened in that manner. No copy of either writing was given to the plaintiff or the daughter.

On this application, plaintiff averred that when the investigator came to her home, he represented that he was a detective connected with the Government; and accordingly, she conceived it necessary to comply with his requests. While these averments are denied, the probabilities are that plaintiff did associate the investigator with some governmental agency.

Plaintiff, however, has not shown that the inspection of the statement is necessary for the preparation of her case. If at a trial the statement is used to impeach the testimony of the witness, plaintiff can then introduce evidence to show the circumstances under which the statement was obtained to impair its effectiveness for impeachment purposes. But to grant discovery and inspection of the statement of a witness, where the witness is available and can be interrogated without difficulty, would be a revolutionary innovation and contravene long-established methods in the conduct of cases. (See *Hauger* v. *Chicago, Rock Is. & Pacific R. R. Co., supra,* p. 508.)

The order below should be reversed, and the motion denied, without costs.

RABIN, J. P., FRANK, McNALLY and BERGAN, JJ., concur.

Order unanimously reversed and the motion denied, without costs.