Hyman Korn, J.
This is a motion by plaintiff pursuant to section 324 of the Civil Practice Act for an order directing the defendant to produce and discover for inspection by plaintiff an accident statement which he gave to an agent of the defendant. It appears that the plaintiff sustained personal injuries on January 10,1956, which he alleges were due to the negligence of the defendant. That evening, after the plaintiff’s return from the hospital, an investigator for the defendant called upon him and the plaintiff signed a statement. It is now contended that the plaintiff has a meager command of English and does not really know what was signed. It is further alleged in the moving affidavits that the plaintiff was badly shaken up shortly after the accident and unable to accurately recount what happened.
It had formerly been the practice not to permit an inspection of a party’s statement furnished to an investigator, pursuant to section 324 of the Civil Practice Act, unless certain special circumstances were set forth. (Meehan v. McCloy, 266 App. Div. 706; Bearor v. Kapple, 24 N. Y. S. 2d 655.)
It would appear, however, that the courts have now liberalized the practice in this respect and are now granting applications of this type even though no special circumstances are shown. In the case of Wilhelm v. Abel (1 A D 2d 55, 56-57) the Third Department stated that the rule should be changed, and said the following: “ The great mass of personal injury cases which clog the court calendars today require fair and speedy disposition, either by way of trial or settlement. To accomplish these ends it has increasingly been the practice to eliminate any *138 elements of surprise whenever practicable — hence the very-liberal rules for examinations before trial By the same token we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy , disposition of cases.” The Supreme Court, Special Term, Queens County (Nicholas M. Pette, J.), agreed with this view in Herlihy v. Costa (5 Misc 2d 192, 193).
In a very recent decision of the Appellate Division, First Department, in Urbina v. McLain (4 A D 2d 589, 590) the Appellate Division in its opinion, in a case where it denied a discovery of a statement made by a witness stated the following with regard to a statement made by a party: “ Section 324 of the Civil Practice Act provides for the discovery and inspection of a document or paper in the possession of a party, ‘ relating to the merits of the action, or of the defense therein ’. To be subject to inspection the document or paper must itself be evidence (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 28-29; People ex rel. Mergenthaler Linotype Co. v. Mills, 273 App. Div. 860). The statement of a party to a suit constitutes an admission, therefore it can be received in evidence. Thus in recent cases a rule has been adopted permitting inspection of a party’s own statement to his opponent’s investigators (Wilhelm v. Abel, 1 A D 2d 55; Herlihy v. Costa, 5 Misc 2d 192; see New York Procedures to Obtain Information in Civil Litigation by Weinstein and Bergman, 32 N. Y. U. Law Rev. 1066-1121, 1111-1112).’’ (Italics ours.)
Accordingly, the motion of the plaintiff is granted and the defendant is directed to furnish a copy of such statement to the plaintiff or, in the alternative, that the defendant permit an inspection by the plaintiff of the statement and permission to make a copy thereof. Submit order.