Louis L. Friedman, J.
Plaintiff moves for discovery and inspection of a written statement taken of her by the defendant. She alleges in her motion papers that she was injured on March 17, 1956, and that following the institution of this action, the case was called for pretrial before a Justice of this court on June 10, 1957. During the pretrial conference, defendant’s attorney revealed that they were in possession of a statement signed by the plaintiff. She alleges that she has no knowledge of the contents of any statement purportedly signed by her and has no recollection of signing such a statement, and in the interests of justice seeks a discovery and inspection thereof. In opposition, defendant contends that nowhere in the moving papers is there any claim of overreaching, fraud or coercion, and defendant takes the position that in the absence of such allegations, the motion may not be granted.
In support of her position, plaintiff cites the case of Wilhelm v. Abel (1 A D 2d 55, 56-57), contending that the Appellate Division, Second Department, held as follows: ‘ ‘ we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.” An examination of this decision indicates that it was not made by the Appellate Division of this department, but the Appellate Division in the Third Department.
The court is of the opinion that plaintiff is entitled to the relief requested. It has often been stated that a lawsuit is not a game which is to be won by the smartest player; that it is a search for the truth. Recent rules have indicated the present trend of our appellate courts to be that there should be disclosure of all pertinent documents which will serve to aid the *1019 parties in adjusting their differences at pretrial hearings. The Wilhelm decision, cited by plaintiff, was written by Mr. Justice Foster, Presiding Justice of the Appellate Division, Third Department, and was handed down on December 23, 1955, the court stating (pp. 56-57):
“ The Special Term denied the application for an inspection of the statement on the ground that no special circumstances had been shown to justify such relief and further found that no fraud or deception had been practiced. We have no criticism of the Special Term’s decision because it was in conformity with the general rule which has heretofore existed. We are constrained to the belief however that the rule should be changed.
“ The great mass of personal injury cases which clog the court calendars today require fair and speedy disposition, either by way of trial or settlement. To accomplish these ends it has increasingly been the practice to eliminate any elements of surprise whenever practicable — hence the very liberal rules for examinations before trial. By the same token we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.”
The case of Sack v. All States Holding Corp. (268 App. Div. 793) was decided by the Appellate Division in this department, in June, 1944, and holds that a statement should not be produced for discovery and inspection. However, an examination of the Sack case indicates that the plaintiff therein merely stated that the statement was obtained at a time when he was not represented by counsel and that he did not recollect its contents. That case is easily distinguishable from the one presently before the court because here the plaintiff indicates that she has no recollection that any such statement was ever given, and of course has no knowledge of the contents if there be such a statement. In any event, later authority seems to indicate a more liberal attitude towards the granting of relief such as is here requested.
In Carlo v. Doyle, decided in the City Court, Bronx County, Special Term, Part I (9 Misc 2d 137), Mr. Justice Korrt in a lengthy opinion pointed out the controlling authorities. Holding ‘1 that the courts have now liberalized the practice in this respect and are now granting applications of this type even *1020 though no special circumstances are shown, ’ ’ the court granted the application of the plaintiff and permitted the discovery and inspection which was sought. In Totoritus v. Stefan, decided by Mr. Justice Kleih of the Supreme Court, New York County (10 Misc 2d 881), the court reached a similar result. The court held that plaintiff was entitled to an inspection of the statement made by him to the defendant’s investigator, citing a decision by Mr. Justice Hofstadter, in Muratori v. 1231 Pugsley Ave. Realty Corp. (157 N. Y. S. 2d 630) and a decision by Mr. Justice M. M. Levy in Kleinot v. Steiner (5 Misc 2d 951). The court also cited Del Ra v. Vaughan (2 A D 2d 156) and Tripp v. Knox (5 Misc 2d 771).
As far back as April 1, 1944, Mr. Justice Coldest, Supreme Court, Kings County, in Koenig v. Patrick Constr. Corp.,. granted a similar application on the authority of De Simone v. Wildroot Co. (N. Y. L. J., Oct. 8, 1943, p. 864, col. 4) and Bearor v. Kapple (24 N. Y. S. 2d 655, 659). In De Simone v. Wildroot Co. (supra), Mr. Justice Hallistaet (now a Justice of the Appellate Division, Second Department), sitting in the Supreme Court, Kings County, followed the reasoning of Mr. Justice Mubbay in Bearor v. Kapple (supra) and directed a discovery and inspection of plaintiff’s statement by reason of the fact that plaintiff was not represented by counsel at the time the statement was taken. In addition, the court there went even further and directed that defendant produce for discovery and inspection a copy of the report and statement of plaintiff’s doctor which had been taken by defendant’s investigator. In Reynolds v. Flaherty, decided by Mr. Justice Hooley, sitting-in the Supreme Court, Queens County (N. Y. L. J., March 19, 1941, p. 1238, col. 1), the court granted an inspection of a statement given to defendant by plaintiff while he was ill in bed and not represented by an attorney. Likewise, in Sciortino v. Steeplechase Amusement Co. (51 N. Y. S. 2d 174), the court permitted inspection of a statement taken of the plaintiff by defendant’s representative. In Konokpa v. La Purka, decided by Mr. Justice Hill, Supreme Court, Suffolk County (11 Misc 2d 895), the defendant’s representative secured a statement from plaintiff at a time when he was recuperating from his injuries. Following the opinion in Wilhelm v. Abel (1 A D 2d 55, supra) and on the authority of many other eases which are discussed by the court, Mr. Justice Hill granted plaintiff’s motion and directed that the statement be inspected. One of the cases discussed by the court was that of Destin v. Bernhard Mayer Estate (123 N. Y. S. 2d 271, 273), where Mr. Justice Walters of the Supreme Court, New York County, held that *1021 ‘ ‘ the preponderance of reason is in favor of the view that plaintiff should be afforded an opportunity to give one single consistent version of the accident ” and granted an application for an inspection of the statement. This court is in accord with what appears to be the latest trend in applications of this kind. A liberalization of the attitude of our courts toward permitting the inspection of statements taken shortly after an accident, when a plaintiff is not represented by counsel and is recovering from the injuries received by him, will eliminate the race which sometimes takes place by insurance carriers to get to the plaintiff before an attorney is retained and secure a statement, the contents of which are rarely known to the person signing the statement because no copy is ever left with that person.
On the basis of the authorities herein cited, the motion is granted and defendant will be directed in the order to be entered herein to permit the plaintiff to have a discovery and inspection of the statement referred to in the moving papers.
Settle order on notice.