Benjamin Brenner, J.
In a negligence action plaintiff moves for a discovery and inspection of a release which the defendant has set up as a defense and the report of defendant’s physician who examined the plaintiff. Defendant has consented to furnish a photo static copy of the release so that branch of the motion is granted. Defendant, however, opposes an inspection of the medical report on the ground that the physical examination was made in the course of its investigation of the claim. The plaintiff was allegedly injured while traveling to North Dakota on one of the defendant’s buses. She got off at Chicago on the following day when she was examined in that city by a physician employed by defendant.
While no reported case dealing with a report of a physical examination conducted under these circumstances has been brought to my attention, it appears to me to be analogous to that of a signed statement obtained from the plaintiff by a representative of the defendant shortly after the accident and prior to suit. The courts have held that the plaintiff is entitled to a discovery and inspection of such a statement (Levey v. Hemme, 7 A D 2d 646; Totoritus v. Stefan, 6 A D 2d 123; Holleran v. Kenna, 6 A D 2d 740; Wilhelm v. Abel, 1 A D 2d 55; Swartzman v. Sova, 11 Misc 2d 691; Konopka v. La Purka, 11 Misc 2d 895; Herlihy v. Costa, 5 Misc 2d 192).
Additionally, this Department has tended toward the liberalized policy of allowing inspection of the report of the defendant’s physician where the plaintiff voluntarily submits to such exami *357 nation, even after the plaintiff was being represented by counsel (Baum v. Nussenbaum, 7 A D 2d 991; Donovan v. Albano Trucking Corp., N. Y. L. J., June 17, 1959, p. 12, col. 1; Gooch v. Blanch, 14 Misc 2d 396; Otten v. Melbrose Constr. Co., 20 Misc 2d 169; Morrello v. Kansler, N. Y. L. J., Dec. 31, 1958, p. 12, col. 6; Horn v. McCarrell, 19 Misc 2d 164).
In the light of this tendency for full disclosure prior to trial, and especially where, as here, the plaintiff was not represented by counsel and was in fact virtually the captive of the defendant when examined, there appears to be no reason for denying her the opportunity to inspect the report.
The motion is in all respects granted. Settle order on notice.