Mario Pittoni, J.
Defendants Darcy move for an order vacating their default in failing to oppose the motion made by the plaintiff, and, upon the vacating of the default, permitting them to oppose the plaintiff’s motion for a discovery and inspection of a certain statement made by a witness, Aldulah Began, taken by the defendants.
The motion is granted, with $10 costs payable by the moving parties to the plaintiff.
The reasons given by the movants for the default display loose or even careless office practice. However, the plaintiff was not legally entitled to the original relief demanded and should not have requested it. To be subject to inspection under section 324 of the Civil Practice Act, the document must itself be evidence. Furthermore, the general rule excludes from the scope of discovery and inspection a statement of a witness otherwise available to a party for interrogation. The document here involved is a statement made by a mere witness, not a party, to the defendants’ investigators. In Urbina v. McLain (4 A D 2d 589, 590) it was said:
“ Section 324 of the Civil Practice Act provides for the discovery and inspection of a document or paper in the possession of a party, ‘ relating to the merits of the action, or of the defense *310 therein ’. To be subject to inspection the document or paper must itself be evidence (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 28-29; People ex rel. Mergenthaler Linotype Co. v. Mills, 273 App. Div. 860). The statement of a party to a suit constitutes an admission, therefore it can be received in evidence. Thus in recent cases a rule has been adopted permitting inspection of a party’s own statement to his opponent’s investigators (Wilhelm v. Abel, 1 A D 2d 55; Herlihy v. Costa, 5 Misc 2d 192; see New York Procedures to Obtain Information in Civil Litigation by Weinstein and Bergman, 32 N. Y. U. Law Rev. 1066-1121, 1111-1112).
‘ ‘ But in dealing with a statement of a witness, different considerations come into play. Such a statement is not ‘ evidence in chief ’ and may be introduced at a trial only for the purpose of impeachment (Civ. Prac. Act, § 343-a). Even then, the averments therein cannot serve as affirmative evidence of the truth of the facts stated. (Matter of Roge v. Valentine, 280 N. Y. 268; Fitzgibbons Boiler Co. v. National City Bank, 287 N. Y. 326.)
“ Despite the tendency to liberalize pretrial procedures, section 324 of the Civil Practice Act has not yet been interpreted to include the discovery and inspection of a statement by a witness who is otherwise available for interrogation by the party seeking the discovery. Even under the liberal Federal discovery rules (U. S. District Ct. Rules of Civ. Pro., rule 34, U. S. Code, tit. 28, p. 4322) where discovery may be obtained by ‘ any party showing good cause therefor ’ it has been held ‘ that if the witnesses themselves are available to the party and can be interrogated or examined by him, there will ordinarily be no occasion for ordering production of their statements ’ (4 Moore on Federal Practice [2d ed.], § 26.23, p. 1141; Hauger v. Chicago, Rock Is. (& Pacific R. R. Co., 216 F. 2d 501, 508; Helverson v. Newberry Co., 16 F. R. D. 330).”
Therefore, upon the reopening of this proceeding the motion to inspect the statements by the plaintiff is granted; but the motion to inspect the statement or statements of the witness Aldulah Regan is denied.
Settle order on notice.