Isadore Bookstein, J.
While the moving papers do not s.o state, this is a motion for discovery and inspection of an alleged statement given by plaintiff to defendant’s investigator.
*351 The rule enunciated in Wilhelm v. Abel (1 A D 2d 55) makes it crystal-clear that when a prospective plaintiff in a negligence action gives to an investigator for the .defendant or defendant’s insurance -carrier a signed statement -of the incident which-gives rise to an action, the prospective plaintiff has a .right to -a .discovery and inspection of the statement and to Shake a copy thereof.
The decisions of the -courts -subsequent -to the Wilhelm case (supra) have uniformly followed the rule laid down in that case. (See Herlihy v. Costa, 5 Misc 2d 192; Carlo v. Doyle, 9 Misc 2d 137; Konopka v. La Purka, 11 Misc 2d 895; Mallon v. Ginsberg, 12 Misc 2d 1017; Kotik v. Figi, 17 Misc 2d 956; Duncan v. Hammond, 20 Misc 2d 213; Totoritus v. Stefan, 6 A D 2d 123; Levey v. Hemme, 7 A D 2d 646.)
In most of these cases, the opinions expressly State that the statement involved was a ‘signed statement. In a few the opinion is silent -as to whether the -statement was signed or not. It is logical to assume, however, that in -each of -the eases there Was a signed statement, since they rely on the Wilhelm-case. Moreover, the writing would not he the plaintiff ’s -statement -at all, if not .signed. In -such a situation, there -could merely he the testimony of the person who interviewed -the plaintiff as to what plaintiff allegedly said. This would hardly rise to the -dignity -of a signed statement upon which the court passed in the Wilhelm ease (Supra). “'c Documents, to he subject to inspection, must relate to the merits of the -action -or defense md themselves be evidence” (Faendrick v. Allied Aviation Serv. Int. Corp., 284 App. Div. 898; italics supplied.)
A signed statement constitutes evidence hut whereas formerly a prospective claimant could not obtain a copy of his signed statement without -showing -special circumstance's) the rule -since the Wilhelm case is that -he can do sO, without such <a showing.
We are not confronted here by a signed statement, at -all.
Here, at most, there was an interview between plaintiff and a representative of defendant, in which he asked questions and she made answers. Defendant’s representative made note's of the interview, which he subsequently dictated to a stenographer who transcribed the -dictation or perhaps typed it himself. From the papers, that is not entirely clear. In any event, it is clear that no Statement was written up for plaintiff to sign and she signed none. The notes made by the defendant’s representative are in no sense evidence. He, of course, could testify tó what plaintiff told Mm, if her testimony upon the trial varies from the version he obtained and the only use he could make of Ms notes is to refresh his recollection.
*352 It does not seem to me that the Wilhelm decision {supra) which dealt with a written and signed statement, which, therefore, constituted evidence, can be extended to the notes made by defendant’s investigator, which are in no sense, evidence.
This view is borne out by the decision in Urbina v. McLain (4 A D 2d 589) where the court indicated that as to the statement of a party an inspection would be permitted since such a statement was evidence, citing Wilhelm, but denied such relief as to the statement of a witness, because that was not evidence. Sa Dorus v. Bond (20 Misc 2d 309) is to the same effect.
Defendant raises the question that an order for discovery and inspection cannot be granted on the affidavit of the attorney in the absence of proof of the nonavailability of the party who should make the affidavit. Breyer v. Bloch (205 App. Div. 255) sustains that contention.
Here the moving affidavit is that of the attorney, who, of course, cannot know the facts, except to the extent that plaintiff tells him what she claims the facts to be. Nor is there anything in the moving affidavit to account for the failure of plaintiff, herself, to make the affidavit.
If the motion were denied on that ground, it would be without prejudice to a renewal thereof on proper grounds. To avoid circumlocution and additional motions, I prefer to dispose of the matter on the merits.
Having reached the conclusion that the Wilhelm case does not apply to the document or documents here sought to be discovered and inspected, I am constrained to deny plaintiffs’ motion.