OPINION OF THE COURT
Vincent E. Doyle, J.
The above-captioned matter comes before this court by way *522 of a motion by Michele A. Brown, Panel Law Guardian, for a protective order pursuant to CPLR 3103.
Attorney Brown was appointed by this court as a Law Guardian for the infant issue of the parties, i.e., Kaitlyn Keisic, born September 19, 1991. The custody of the infant is the subject of a divorce action between the parties pending in this court.
On May 18, 1994, the Law Guardian was served with a demand for statements pursuant to CPLR 3101 (e) by the defendant’s new attorney, John E. Spadafora. In essence, Mr. Spadafora demands any notes made by the Law Guardian of any interviews or conversations with his client, the defendant, Kathy L. Keisic. The Law Guardian seeks the protection of this court claiming that the interview at issue was conducted by her of the defendant with the full knowledge and consent of the defendant’s prior attorney, Kenneth I. Feinman, Esq.
The Law Guardian raises three arguments in support of her application. The Law Guardian maintains that any statements made by a party to opposing counsel, if made with the knowledge and consent of the party’s attorney, are nondiscoverable, citing Herlihy v Costa (5 Misc 2d 192) and Knight v City of New York (232 NYS2d 266). These cases are inapplicable to the present situation since they involve statements by a party prior to the time that the party was represented by an attorney. This court holds that any statements made to opposing counsel by a party, whether made with or without the knowledge and consent of the party’s attorney, are nevertheless discoverable.
The second argument in support of the requested relief is that any such notes by the Law Guardian regarding her conversations with a party to this lawsuit are in fact protected work product. The defendant submits that any party’s statements are subject to disclosure under CPLR 3101 (e) even if they also constitute material prepared for litigation and would not be available pursuant to CPLR 3101 (c) or (d). This court agrees and, thus, the sought after material is "not protected work product.”
Last and more significantly, the Law Guardian maintains that a special or different rule should be applied to her as a Law Guardian rather than an attorney for a party in a lawsuit. Law Guardian Brown maintains that, as the "attorney who will advocate the child’s interest,” she must, in that representation, interview the parents of her ward in order to *523 fulfill her obligation. The Law Guardian urges that if such statements resulting from the interviews are held to be discoverable by the parents, such a rule will have an "immeasurable, chilling effect on the entire” Law Guardian program. This argument, in effect, compels this court to determine the role of a Law Guardian appointed to represent children’s interests in custody matters.
This court believes that an attorney such as Law Guardian Brown is representing an interested party in the lawsuit and is therefore bound by the same rules that apply to an attorney for any other party. In particular, the provisions of the CPLR compelling disclosure, i.e., section 3101 (e), apply with equal force to a Panel Law Guardian appointed by the court to act on behalf of the child where custody of that child is a matter awaiting the court’s ultimate decision.
The attorney for the defendant submits that he is not seeking the discovery of attorney Brown’s notes that contain opinion, analysis, theory, strategy, instructions or impressions. He further suggests that this court should, at the minimum, direct the Law Guardian to submit any notes involving the interviews by the Law Guardian of the defendant to this court for inspection. This court can then make a determination as to what portion, if any, of the notes shall be turned over to the defendant’s attorney. This argument appears both persuasive and reasonable.
Therefore, it is the decision and order of this court that attorney Michele A. Brown, Panel Law Guardian of the infant Kaitlyn Keisic, shall deliver to this court upon receipt of this decision any and all statements and/or notes regarding any conversations with Kathy Keisic made contemporaneously with or at any time from the date of such interview to the present date.