Morris Eder, J.
Motion by defendant for a physical examination of plaintiff is granted. Plaintiff previously submitted to such an examination by a doctor selected by defendant without the necessity of a court order. That examination revealed a claim of neurological involvement and injury to the ear and defendant made the instant application for a second examination, this time by a neurologist and an ear specialist. Plaintiff does not object but urges the imposition of certain conditions, including the furnishing to her attorney of a duplicate copy of the medical reports.
Section 306 of the Civil Practice Act is the basis of the court’s authority to grant a physical examination in a personal injury action. The physician, though required to be designated by the court, is paid by the moving defendant, and his report has accordingly been made invariably to the defendant. Strangely enough, the request of plaintiffs for a copy of such report has been denied by the Appellate Division of the first and fourth departments and granted by those of the second and third departments.
While this court would be bound to follow the decisions in this department if no new circumstances or change of viewpoint since those decisions were discernible, I am persuaded that there has been a change of attitude and that the views expressed by Bergan, J. P., writing for a unanimous Appellate Division of the third department in the most recent case on the subject, Del Ra v. Vaughan (2 A D 2d 156) represent the present position of our department as well.
It is there pointed out that ‘ ‘ The general trend of the practice in personal injury cases is to attempt to narrow down the areas of medical dispute ” and that a distinction should be drawn between evidence gathered by a party in preparation for trial and 1 ‘ matters which the judicial power compels one party to disclose at the instance of his adversary.” (P.157.) Reference was then made to the special rule for medical examinations in personal injury actions in the first department, adopted in 1953, where copies of the report of the designated member of the impartial medical panel must be made available “ to all parties ”. That special rule in the first department was cited as evidence of the present trend.
As indicated in Del Ra v. Vaughan (supra) there is no reason to distinguish between the examination directed to be made by the physician designated by the court on a defendant’s motion *206 pursuant to section 306 and by the physician on the medical panel designated by the court when it believes an impartial examination will be useful in disposing of the case on a just basis. As a matter of fact, where there has already been an examination pursuant to section 306, it would appear that, except in unusual circumstances, no occasion would exist for invoking the special rule; and the court would then be saved the expense of an examination by a member of the panel, whose cost is borne by it. Certainly, there is no difference between the physician designated by the court under section 306 and a member of the panel under the special rule with regard to the matter of impartiality.
It is true that, where a defendant moves for a physical examination pursuant to section 306, it must pay the cost thereof. But this is entirely reasonable since it is asking for the examination. That consideration, however, should not under present conditions be deemed in itself of sufficient importance to bar plaintiff from receiving a copy of the report. The special rule, adopted since the decisions in this department denying plaintiffs copies of medical reports of examinations pursuant to section 306, is clear evidence of the new belief that impartial medical examinations are useful not only in effecting a just result but in expediting disposition of the personal injury actions which clog our calendars. Quite obviously, where copies of reports of impartial physicians are given to all parties, a more realistic appraisal of the value of the case will be made by them and the chances of settlement will be greatly enhanced. This practical consideration is particularly important in these days of calendar congestion.
It is my conclusion that the reasons which impelled the promulgation of the special rule point significantly to a change of attitude in this department regarding the furnishing of medical reports to plaintiffs as well as defendants whenever an examination is directed by the court to be conducted by a physician designated by it.
Settle order providing for designation by the court of the physicians; furnishing of reports to defendant and of duplicate copies to plaintiff; the right of plaintiff’s attorney and personal physician to be present at such examinations; the payment by defendant of the cost thereof; and requiring plaintiff to answer at said time and place inquiries as to said injuries.