Matthew M. Levy, J.
This is a motion by a defendant in a personal injury action to require the principal plaintiff to submit to a physical examination, and to an oral examination in respect thereof.
*952 It appears that this plaintiff was thus examined several years ago by a physician selected by the defendants, but that the doctor has since deceased. The plaintiffs have no objection to a further examination, provided that the physician is designated by the court and that the plaintiffs are furnished with copies of the prior and forthcoming medical reports. The moving defendant agrees to a court-appointed examining physician, but objects to making the reports available to the plaintiffs as requested.
It has been said by Professor Prashker that “ [t]he dominant view in the Departments is that the examining physician is not required to deliver a copy of his report to the plaintiff in addition to delivering a copy of same to the defendant or the attorney for the defendant ” (Prashker on New York Practice [3 ed.], p. 622, § 383). In Feinberg v. Fairmont Holding Corp. (272 App. Div. 101) following Kelman v. Union Ry. Co. (202 App. Div. 487) the Appellate Division in this department has held that the physician is not generally required to furnish the plaintiff with a copy of his report. But these decisions were made many years ago in an entirely different juridical climate. Since 1947, when the court’s views were expressed in the Feinberg case, there has been a definite change in the philosophy and policy of the Appellate Division as to disclosure or nondisclosure to one’s adversary of facts and information in advance of trial. The recognized recent trend is in favor of expanding the permissible area of examinations before trial and pretrial discoveries in personal injury actions (Eighteenth Arirmal Report of N. Y. Judicial Council, 1952, p. 61), and I have had occasion heretofore to note the progressive development of a number of procedures in that regard (Matter of Weiss [Mount Sinai Hosp.] 208 Misc. 1010; cf. Baron v. Kings-Sufolk Realty Corp., 4 Misc 2d 587; but see, as to the Court of Claims, Valentine v. State of New York, 197 Misc. 972, 976). In a footnote (14) to page 622 of Professor Prashker’s helpful volume, published in 1954, it is stated that “ [t]he Appellate Division of the Third Department does not seem to have passed upon the question ”. Subsequently, the issue was presented to that court in Del Ra v. Vaughan (2 A D 2d 156) and the decision was squarely to the effect that the examining physician designated by the court should forward a copy of his report to the attorney for the plaintiff at the time the report is furnished to the defendant’s attorney. The court said (p. 157): “ The general trend of the practice in personal injury cases is to attempt to narrow down the areas of medical dispute, and the aim is, ultimately, with the assistance of the medical profession, to eliminate most of *953 the controversy on the medical side of personal injury cases.” (See Carmody on New York Practice [7th (Forkosch) ed.], § 419, p. 434.)
Taking my cue from the current changes that have heen effectuated by statute, rule of civil practice, court rule and decision (Civ. Prac. Act. § 292-a; Rules Civ. Prac., rule 121-a; Bronx County, Supreme Ct. Rules, Trial and Special Terms, rules XIX, XX; Bronx County, Supreme Ct. Rules, Special Rule for Medical Examinations in Personal Injury Actions; New York County, Supreme Ct. Rules, Trial Terms, rules X, XI; New York County, Supreme Ct. Rules, Trial Terms, Special Rule for Medical Examinations in Personal Injury Actions) rather than from the judicial views of an earlier period, I hold that a copy of the medical report of the plaintiff’s examination to be conducted by the court-designated physician is to be made available to both parties. It is hoped that, when both sides are made aware of the impartial views of the neutral medical expert selected by the court, settlement negotiations of the litigation will be facilitated. And, if these prove abortive, it is quite likely that this expert will testify upon the trial. In such case, if Ms findings and opinions are given to the plaintiffs as well as to the defendants, adequate opportunity is afforded both parties for the preparation of their respective medical testimony, Indeed, parity in that regard has already been in part secured by the moving defendant when the plaintiffs made available to him appropriate medical information in the bill of particulars (Rules Civ. Prac., rule 116), and by also having made accessible to him the hospital records of the injured plaintiff’s medical care and treatment (Bronx County, Supreme Ct. Rules, Trial and Special Terms, rule XXI; New York County, Supreme Ct. Rules, Trial Terms, rule XII).
However, so much of the plaintiffs’ request that the defendants be required to furnish the plaintiffs with a copy of the earlier report of the examining physician selected by the defendants is denied. No such arrangements were made at the time of the examination, and (since this doctor is now deceased) his testimony is not now to be had by the defendants. In the circumstances, I am of the view that the plaintiffs are not entitled to a copy of that report.
Settle order accordingly.