Arthur G. Klein, J.
This is a motion by plaintiff for a discovery and inspection of a statement made by plaintiff to defendant’s investigator, the record of the physical examination of the plaintiff by the defendant’s doctor, and the hospital record. The inspection of a party’s own statement to his opponent’s investigator is proper (Urbina v. McLain, 4 A D 2d 589 and cases cited). While in the instant case there was no order directing the physical examination which was held by consent, I find no compelling reason for not adopting the reasoning of Mr. Justice Eder in the case of Kuyamjian v. Murrah (5 Misc 2d 204). There the question, in a motion for a physical examination, was whether the defendant should be required to furnish a copy of his doctor’s report to the plaintiff. Such requirement was included in the order. Mr. Justice Hofstadter reached the same result in the case of Muratori v. 1231 Pugsley Ave. Realty Corp. (157 N. Y. S. 2d 630) as did Mr. Justice M. M. Levy in the case of Kleinot v. Steiner (5 Misc 2d 951). (See, also, Del Ra v. Vaughan, 2 A D 2d 156; Tripp v. Knox, 5 Misc 2d 771.) Surely, if the defendant in his application for such an examination can be directed to furnish a copy of the report, there is no valid reason why a plaintiff, having consented to the examination, should be deprived of a copy of the report. The defendant consents to furnish a copy of the hospital record. The defendant is accordingly directed to furnish copies of the statement to the investigator and the doctor’s report within 10 days after service of a copy of the order herein with notice of entry.
Settle order.