Louis L. Fbxedmax, J.
Plaintiff moves for an order directing defendant to furnish plaintiff with a copy of the report of the physical examination of the plaintiff, held by defendant’s physician. The examination was voluntarily given, pursuant to appointment. In addition, plaintiff asks that defendant be required to furnish plaintiff with a copy of the Kings County Hospital record relating to plaintiff, said record having been procured pursuant to an authorization furnished to defendant by plaintiff.
The court is of the opinion that plaintiff is entitled to the relief requested. If this was a physical examination held following an application therefor made to the court under section 306 of the Civil Practice Act, plaintiff would be entitled to a copy of the examining physician’s report. (See Tutone v. New York Cons. R. R. Co., 189 App. Div. 954 [2d Dept.].) In past years, the First Department has held that no such copy of the report need be furnished (Kelman v. Union Ry. Co., 202 App. Div. 487). The rule now seems to be uniform in both departments that where an examination is held pursuant to court order, the report of that examination is not the sole property of either of the litigants but should be made available to both (Del Ra v. Vaughan, 2 A D 2d 156; Kuyamjian v. Murrah, 5 Misc 2d 204; Muratori v. 1231 Pugsley Ave. Realty Corp., 157 N. Y. S. 2d 630).
The question now presented before this court is whether the rule should be further extended so that defendant will be required to furnish plaintiff with a copy of the report of a physical examination, when such examination is voluntarily given.
In Martin v. La Fonte (53 N. Y. S. 2d 415, 416) the County Court of Westchester County, in considering an application similar to the present one, and discussing the claim of the defendants that since the examination was voluntarily given, plaintiff had lost the right to secure a copy of the physician’s report, stated: “ Such a position does not appeal to this Court. The plaintiff should not be penalized for lightening the motion calendar of the Court by expeditiously granting the examination that could have been obtained by motion. In its discretion, the Court therefore grants the plaintiff’s motion.”
*398 In Totoritus v. Stefan (10 Misc 2d 881) the court came to the same conclusion and directed that a copy of the report of the physical examination he given to the plaintiff, even though such examination had been voluntarily permitted by plaintiff.
In 1951 the question here presented came before the Appellate Division in this department, in the case of Andrews v. Ghikas (278 App. Div. 658). At that time, plaintiff’s application that he be furnished with a copy of the report of the physical examination voluntarily given, was in all respects denied, the court stating: 1 ‘ The examinations were had on
consent of the plaintiff and, so far as appears, without any agreement or understanding that reports be furnished to the plaintiff.” Since that decision, the Appellate Divisions of both the First and Second Departments have attempted by rule to provide for an exchange between the parties to negligence litigation, of all pertinent medical information and data. The Appellate Division in the First Department is now considering the promulgation of a rule which will provide for such exchange, and the court feels that with proper safeguards, attorneys for both parties to litigation where the question of extent of injuries is of paramount importance, should be ready to exchange the medical information which each side receives with respect thereto. If this rule is not observed, plaintiffs may very well withhold the voluntary examination sought by defendant and wait for a motion under section 306 of the Civil Practice Act, since any order entered upon such motion must provide that plaintiff receive a copy of the report of the examining physician.
Accordingly, plaintiff’s motion is in all respects granted. Submit order.