Jacob J. Schwabtzwald, J.
Motion for an order directing the defendants to serve upon the attorney for the plaintiff an exact copy of the report or reports of Dr. Leon Singerman, a physician employed by the defendants and who examined the *202 plaintiff on the 17th day of October, 1958, is granted as to the defendant Thylin Steel Co. Inc. (Gooch v. Blanch, 14 Misc 2d 396; Horn v. McCarrell, N. Y. L. J., Dec. 9, 1958, p. 14, col. 6). The court has read with interest the statement of defendant’s counsel, to wit, “ if the court feels in the interests of justice and expediency such report should be made available to the plaintiff by the defendant then your deponent respectfully requests that any reports of medical examinations had on behalf of the plaintiff by the plaintiff be made available to the defendant.” As is indicated above, the plaintiff is by rule required to give the defendant authority to examine the records of the hospital in which the plaintiff was confined and, also, in seeking a preference under rule 9, the plaintiff is required to submit either a doctor’s affidavit or a copy of the hospital report, so that actually the defendant does get the plaintiff’s doctor’s report and, carrying these rules to their logical conclusion, upon a proper application for specific reports of plaintiff’s doctor, such relief might be granted. The motion is denied as to the defendant Nieves.
As further evidence of the trend in accordance with the above, the court wishes to point out the new rule XII of the New York County Trial Term Rules adopted in the First Department on December 19,1958.
Settle order on notice.