J. Irwin Shapiro, J.
This is a motion by the defendant “ for an Order pursuant to Section 306 of the Civil Practice Act directing that plaintiff submit to physical examination by one or more physicians or surgeons to be designated by the Court.”
*379 The defendant’s affidavit showing that it has been unable to obtain a voluntary physical examination of the plaintiff by a doctor of their own choosing states: “ If the Court is inclined to direct as a condition of such examination that the plaintiff be furnished a copy of the report of the doctor selected by the Court then it is further submitted that as a condition for being furnished such a copy and in line with the growing tendency of the courts to remove secrecy from the area of medical dispute plaintiff be required to furnish to defendant copies of his doctor’s reports.”
If the court were free to exercise its discretion in this matter it would impose such a condition in line with the determination of the Appellate Division, Third Department, in Rooney v. Colson (3 A D 2d 410, 4 A D 2d 710). In that case (3 A D 2d 410, 412), the court said: “We are of the opinion, however, that, in accordance with the modern trend toward full disclosure on both sides, the plaintiff should be required to give to the defendant a copy of the report of the examination by his physician or physicians, as a condition of his obtaining a copy of the report by the defendant’s examining physician (cf. Fed. Rules Civ. Pro., rule 35, subd. [b]).”
The Appellate Division, First Department, in the administration of its Special Buie for Medical Examinations in Personal Injury Actions, requires that plaintiff’s attorney submit to the examining physician, usually two days before the examination, all of his own medical reports.
Thus, in effect, in the First and Third Departments, the plaintiff is required to submit his doctor’s reports to the defendant. The same question was raised in Mansoor v. Simon (5 A D 2d 845 [2d Dept.]). I have examined the papers on appeal in that case and find that the motion there was precisely the same as the motion here. Mr. Justice Baker at Special Term directed the plaintiff to appear and submit to a physical examination by a physician appointed by him and directed that a copy of the physician’s report be furnished to the plaintiff, but his order did not require the plaintiff to submit a copy of his physician’s report to the defendant. The notice of appeal to the Appellate Division stated that the “ Defendant appeals from so much of the order as unconditionally grants plaintiff’s request for a copy of the examiner’s report,” without requiring the furnishing, to the defendant of a copy of the reports made by plaintiff’s physician.
The question was thoroughly briefed by both sides and the court’s attention was specifically called to the Rooney case (supra), and to the special rule applicable in the First Depart *380 ment. The Appellate Division, Second Department, nevertheless, affirmed Mr. Justice Baker in a memorandum which reads as follows (pp. 845-846): “ In an action by an infant to recover damages for personal injuries and by his father for medical expenses and loss of services, the appeal is from an order granting appellant’s motion for a physical examination of the infant by a physician designated by the court, insofar as said order unconditionally provides, as requested by respondents, that a copy of the examining physician’s report be furnished to respondents’ attorney. Appellant contends, inter alia, that as a condition for furnishing a copy of the report, respondents should be required to furnish appellant with a copy of the reports of examinations by their own physician or physicians. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion.”
In Baum v. Nussenbaum (7 A D 2d 991 [2d Dept.]) the court reiterated the position taken by it in the Mansoor case (supra), and said (pp. 991-992): “ In an action to recover damages for personal injuries, the appeal is from an order requiring appellant to furnish respondent with a copy of the report of the physical examination of respondent, held on her consent by appellant’s examining- physician. On this appeal, appellant contends that as a condition for being granted a copy of said report, respondent should be required to furnish appellant with a copy of the report of examinations by her own physician. Order affirmed, with $10 costs and disbursements (Mansoor v. Simon, 5 A D 2d 845; Totoritus v. Stefan, 10 Misc 2d 881, affd. 6 AD 2d 123).”
Thus, on two occasions, one where the plaintiff submitted to a physical examination by defendant’s doctor without an order (Baum case, supra) and the other where the examination by the defendant of the plaintiff was held pursuant to order (Mansoor case, supra), the Appellate Division, Second Department, refused to condition the furnishing of the report of the examination of the plaintiff by the defendant’s physician or by the court appointed physician to the plaintiff upon the latter supplying his own physician’s report to the defendant.
It may be argued that in each case the court was merely affirming the exercise of discretion by Special Term and that if Special Term had granted the motion conditionally in accordance with the rule in the Third Department in the Rooney case (3 A D 2d 410, 4 A D 2d 710, supra), the Appellate Division, Second Department, would likewise have affirmed such a determination. I do not feel justified, however, in indulging in the *381 assumption that that was the basis of the court’s affirmances in the Mansoor and Baum cases {supra).
Under the circumstances, the motion of the defendant is granted to the extent of directing plaintiff to submit to a physical examination by a physician or surgeon to be appointed by this court and that copies of the report of such physician or surgeon be furnished to each of the parties hereto and that the same be not conditioned on the plaintiff furnishing to the defendant the reports of his own physicians.
The court is constrained to make the above determination as a matter of law and not in the exercise of discretion.
Submit order.