Fred J. Munder, J.
Plaintiff moves for an order directing the defendant to furnish him with a copy of the report of the physical examination of the plaintiff made by defendant’s physician. The defendant opposes this application on the ground that the examination was not pursuant to an order under section 324 of the Civil Practice Act but was voluntarily permitted by the plaintiff. This opposition has no merit and the relief requested by the plaintiff herein will be granted. (See Gooch v. Blanch, 14 Misc 2d 396 and cases therein cited.)
The defendant suggests however, that if the court require that the defendant give the plaintiff a copy of its medical report of the examination of the plaintiff then the court should require as a condition that the plaintiff furnish to the defendant a copy of the report of the plaintiff’s examination by his own physician or physicians. It is said that this should be required in pursuance of the general practice in personal injury cases to attempt to narrow down the areas of medical dispute. This undoubtedly is the rule in the Third Department (Rooney v. Colson, 3 A D 2d 410) and may be the purpose of the new rule recently promulgated in the First Department but although the Second Department was the leader in the field of full disclosure (Tutone v. New York Cons. R. R. Co., 189 App. Div. 954) and our Appellate Division has been considering some such rule, I am unable to find that the rule in this Department has been extended to the point where the plaintiff is required to furnish a copy of his own physical examination as a condition for getting a copy of the report of the physical examination made on behalf of the defendant. Therefore the plaintiff’s motion will be granted without condition.
Submit order.