Mario Pittohi, J.
The plaintiff’s motion for an order directing the defendant’s attorney to immediately forward a copy of the medical report of the physical examination of the injured plaintiff made by a doctor of the defendant’s choice on January 13, 1959 is granted. A copy of the report shall be sent to the plaintiff’s attorney within 10 days after the date of the order herein. This order is unconditional. The defendant’s request that the order be conditioned on the plaintiff’s delivery to the defendant of a copy of the medical report of the plaintiff’s physical examination made by his own physician is denied. (Baum v. Nussenbaum, 7 A D 2d 991 [2d Dept.]; Mansoor v. Simon, 5 A D 2d 845 [2d Dept.]; O’Keefe v. Mow, 19 Misc 2d 378.)
In this case the plaintiff voluntarily submitted to a physical examination by the defendant’s physician, and submitted to an adversary examination analogous to any other adversary examination, oral or otherwise. This differs from an examination by his own physician where he is making a disclosure to one of his own choosing in preparation for trial. This self-examination or preparation for trial is analogous to any other examination by his own attorney, or on behalf of his attorney. The courts of this State have not yet reached the conclusion that each party must make available or must disclose its preparation files to the adversary.
The argument that full prior disclosure as to injuries will hasten settlements and develop greater justice during trials can be applied to most prior disclosures of evidence and facts before trial. Again, however, the courts of this State have not yet reached the point of opening litigants’ files to adversaries.
This is not to say that the surrender of a copy of the plaintiff’s medical report to the defendant should never be a condition for the delivery to him of a physical examination report made for the defendant. There are occasions when such a condition is desirable. However, this is to say that the courts should hesitate to impose as a condition for the delivery to the plaintiff of a copy of his physical examination report by the defendant the requirement that the plaintiff disclose what is in effect his own trial preparation.
Mr. Justice Shapiro, in O’Keefe v. Mow (supra, p. 381) rendered a scholarly and exhaustive opinion on this matter. Therein he analyzed the Baum and Mansoor decisions decided *815 by the Supreme Court, Appellate Division, Second Department, and he concluded as follows:
“ that the same be not conditioned on the plaintiff famishing to the defendant the reports of his own physicians.
‘1 The court is constrained to make the above determination as a matter of law and not in the exercise of discretion. ’ ’
The plaintiff’s motion is granted.
Submit order.