Mario Pittoni, J.
The plaintiffs move for summary judgment and to compel the defendant to serve a copy of the defendant’s medical report in respect to the plaintiffs’ injuries.
The plaintiffs claim that while driving south on Central Avenue, Valley Stream, N. Y., the traffic light turned red, the cars ahead stopped, the plaintiffs’ auto stopped, and the defendant’s auto hit them in the rear.
The defendant in turn contends that he was driving behind the plaintiffs’ auto, that the light turned red, that the plaintiffs’ auto stopped, that the defendant stopped without contacting the plaintiffs’ auto, that another auto at the curb pulled out, the plaintiffs’ auto moved forward, the defendant followed, and then, without any signal or warning, the plaintiffs’ auto came to an abrupt stop, and then the defendant struck the plaintiffs’ auto in the rear. Thus, there is an issue as to whether the defendant was negligent under the circumstances. (Zwilling v. Harrison, 269 N. Y. 461; Lahr v. Tirrill, 274 N. Y. 112.) The motion for summary judgment is, therefore, denied.
*144 The plaintiffs also request an order directing the defendant to serve upon them a copy of the medical report of the defendant’s examining doctor. The defendant in turn contends that if this motion is granted it should be conditioned on the furnishing to the defendant of the plaintiffs’ medical reports of any and all doctors who treated the plaintiffs. The plaintiffs answer this in part by saying that this has already been done; but also say that this should not be a condition under the present New York law.
The plaintiffs’ motion for an order requiring the defendant to furnish them with a copy of the report of the physical examination by the defendant’s doctor is unconditionally granted. (Baum v. Nussenbaum, 7 A D 2d 991 [2d Dept.]; Mansoor v. Simon, 5 A D 2d 845 [2d Dept.]; O’Keefe v. Mow, 19 Misc 2d 378 [Shapiro, J.]; Zlotnick v. Campbell, 19 Misc 2d 813 [Pittoni, J., Oct. 29, 1959].)
The O’Keefe opinion by Mr. Justice Shapiro is a scholarly and exhaustive review of the law in this respect; and the Zlotnick case is a discussion as to the difference between adversary examination of the plaintiff and self-examination and preparation.
Therefore, the motion for summary judgment is denied; and the motion for an order requiring the furnishing of the defendant’s medical report is unconditionally granted.
Submit order.