Fred J. Munder, J.
The plaintiff moves for a discovery and inspection of medical reports pertaining to the plaintiff presently in the possession of the defendant’s attorney, and for an order directing the defendant’s attorney to furnish to plaintiff’s attorney copies of such reports.
Defendant counters with a request that plaintiff’s motion for a copy of the medical report of defendant’s doctor be granted on condition that plaintiff furnish defendant with ‘ ‘ any and all reports in his possession of physician or physicians who examined the plaintiff with relation to the injuries allegedly sustained ’ ’.
However salutary the exchange of medical information in negligence actions may be, particularly in connection with pretrial conferences and classification procedures, there is presently no rule of the Appellate Division of the Second Department requiring it. By decisional law the Appellate Division has required a defendant to deliver to plaintiff a copy of the medical report of his doctor’s examination of the plaintiff. Until that court, by rule or decision, indicates the policy of the Department to be consonant with the rules in the First and Third Departments, I will not make that right conditional. (See Harris v. Rubin, 20 Misc 2d 288; Delsener v. Biermann, 189 N. Y. S. 2d 694; Lyons v. Zwerner, N. Y. L. J., Aug. 31, 1959, p. 6, col. 3.) I lmow some of my colleagues have held otherwise.
The motion is granted to the extent of requiring defendant to furnish to plaintiff a true and exact copy of the medical report of defendant’s doctor on his examination of the plaintiff.
Submit order.