J. Irwin Shapiro, J.
Motion by the plaintiff “ for an order directing defendants’ attorneys to furnish plaintiff’s attorneys with copies of the entire reports of all of the physicians who have conducted a physical examination of the plaintiff on defendants’ behalf, including, but not restricted to the report of Dr. George Hyslop concerning his examination of the plaintiff on May 27, 1958, and the reports of Dr. Hillard Bresky and Dr. Irving Edmund Simmons.”
The defendant De Stefano cross-moves “ for an order, pursuant to Section 324 of the Civil Practice Act, for a discovery and inspection of the reports of the treating physician or physicians of the plaintiff upon which the plaintiff intends to rely upon the trial of this action.”
In support of his cross motion, the defendant De Stefano cites De Virgilio v. Niosi (20 Misc 2d 302) and Whittaker v. De Betta (N. Y. L. J., May 9, 1960, p. 14, col. 1). In the latter *272 ease, the court said: ‘ ‘ Plaintiff’s motion is granted. Since defendant has served a formal cross-motion for discovery and inspection of the reports of plaintiff’s treating physician, upon which plaintiff intends to rely on the trial of this action, such is available to defendant under the provisions of the Civil Practice Act relating to discovery and inspection. The case of Baum v. Nussenbaum (7 App. Div. 2d 991) is no bar to the granting of the relief sought herein. In that case no formal motion for discovery and inspection was made by defendant (De Virgilio, Infant, v. Niosi, 20 Misc. 2d 302). The motion accordingly is granted. ’ ’
I must respectfully refuse to follow the holding in the Whittaker case (supra) for in my opinion it flies directly in the face of the contrary holding by the Appellate Division in this Department in Yudenfreund v. Mortimer (9 A D 2d 935). In that case the Appellate Division reversed an order “denying appellant’s [plaintiff’s] motion for pretrial discovery of the report of appellant’s physical examination by respondents’ [defendants’] physician ” and granted the motion “on condition that appellant permit a specialist of respondents’ choosing to view the X rays taken by appellant’s physician.”
The court further held that a plaintiff’s right to a copy of the report of his physical examination by the defendants’ doctor may not ‘ ‘ be conditioned upon his furnishing defendant with a copy of the report of examination by his own physician (Baum v. Nussenbaum, 7 A D 2d 991; Mansoor v. Simon, 5 A D 2d 845) ” but said the court, “ the X rays, being presumably admissible in evidence, are subject to discovery and inspection (Civ. Prac. Act, § 324; Rules Civ. Prac., rule 140; Miller v. New England Mut. Life Ins. Co., 14 N. Y. S. 2d 129) ”.
The limitation of the discovery and inspection to X rays in spite of the defendant’s request not only for the inspection of the X rays but also of “copies of his own [plaintiff’s] physicians reports” is determinative of the defendant’s cross motion.
Any attempt to distinguish the Yudenfreund case (supra) from the Whittaher case (supra) upon the ground that in the former there was no express motion by the defendant but merely a request that plaintiff’s right to relief be conditioned upon the terms indicated and that, in the latter, the defendant expressly asked for a discovery and inspection by “a formal cross motion” would seem to be drawing a distinction without a difference.
If the Appellate Division thought that “ a formal cross motion ” were necessary for the defendant to secure relief when *273 plaintiff was requesting a copy of defendant’s physicians’ reports, it would not have granted the defendant even a partial discovery and inspection without such a formal motion. Having granted part of the conditional relief requested, to wit, discovery and inspection of the X rays, and having denied the balance, to wit, “ the furnishing of a copy of plaintiff’s physicians reports ” — all without any formal cross motion — it is obvious that the making of a ‘‘ formal cross motion” which seems to be the basis of the distinction raised in the Whittaker case {supra) was not the ratio decidendi of the Appellate Division’s decision. It was rather the fact that such reports, not being evidence in themselves, are not subject to a discovery and inspection while ‘ ‘ the X rays, being presumably admissible in evidence, are subject to discovery and inspection.”
The cross motion is therefore denied. (Moskowitz v. Seaman, 10 A D 2d 635; O’Keefe v. Mow, 19 Misc 2d 378.)
The primary motion is granted as to defendant De Stef ano and denied as to the other defendants since the latter aver that they are not in possession of any medical reports and that the doctor retained by them to make an examination of the plaintiff is now dead.
Almost every day in Special Term plaintiffs bring on motions for copies of defendants’ physicians’ reports of their physical examination of the plaintiffs. Invariably these are opposed unless the granting of the relief requested is conditioned upon the plaintiff’s furnishing to the defendant copies of his own (plaintiff’s) doctor’s reports, or they are met with a cross motion seeking the latter relief.
The members of the Bar engaged in representing casualty insurance companies are without doubt desirous of co-operating with the court in lightening the burden of its work at Special Term. Upon that assumption, voluntary compliance with a plaintiff’s request for a defendant’s doctor’s reports would make unnecessary the many motions for such relief which now flood Special Term and which must invariably be granted unconditionally except for the discovery and inspection by plaintiffs of any X rays taken of them.
By the same token plaintiffs’ lawyers, in negligence actions, should co-operate with the court by making such tangible exhibits as X rays, etc., available to defendants’ attorneys, without the necessity of a motion therefor.
For the benefit of the Bar generally, the court states the prevailing rules in the Second Department as he understands them to be:
*274 (1) A plaintiff is entitled to a copy of the reports of the defendant’s physicians who have examined plaintiff, whether the examination was conducted by consent as in Baum v. Nussenbaum (7 A D 2d 991), or pursuant to a court order as in Mansoor v. Simon (5 A D 2d 845). For an analysis of this situation see O’Keefe v. Mow (19 Misc 2d 378).
(2) When a plaintiff moves for a copy of the defendant’s doctor’s report, the same may be conditioned upon the defendant’s being given a discovery and inspection of plaintiff’s X rays, even though no formal cross motion for such relief is made. (Yudenfreund v. Mortimer, 9 A D 2d 935.)
(3) A defendant is not entitled to a pretrial discovery of the report of plaintiff’s physical examination by the latter’s own physician. (Moskowitz v. Seaman, 10 A D 2d 635.) Settle order.