Benjamin" Brekner, J.
The default taken by plaintiff against both defendants having been opened upon consent, the original motion will be considered on its merits. Plaintiff seeks to have the defendants deliver to her copies of all medical reports which are to be used by them, on trial. What she desires is not a report based upon a physical examination of the decedent as no such *337 examination was had prior to his death, hnt reports based upon hospital records, cardiogram and decedent’s own physician’s records which were furnished to one of the defendants by plaintiff’s attorney on the understanding that reports based thereon and which he now seeks would be made available to him.
While defendants deny knowledge of any such understanding, it seems hardly likely that the material would have been voluntarily disclosed without it. But apart from this, defendants argue that the motion, having been made subsequent to the filing of the note of issue and statement of readiness, is untimely and that by such filing plaintiff has waived any right she might have had to the reports. The filing of a statement of readiness does not waive plaintiff’s right to a copy of the defendant’s physician’s report based on a physical examination (Berken v. Levitt, 8 A D 2d 938) and should not constitute a waiver of a report based on examination of medical data.
It is currently accepted law that a defendant must furnish to plaintiff a copy of the report of a physical examination of the plaintiff conducted by his doctor (Baum v. Nussenbaum, 19 Misc 2d 474, affd. 7 A D 2d 991, motions for reargument and leave to appeal denied 8 A D 2d 615; Bergen v. Long Is. Sav. & Loan Assn., 20 Misc 2d 9; Harris v. Rubin, 20 Misc 2d 288), which gives expression to the trend toward full disclosure of a considerable portion of each side’s case with a view to preventing surprise and expediting the trial (Baum v. Nussenbaum, supra). Defendants however object to being compelled to disclose their work product made in preparation' for trial which is not discoverable (Tavern Fruit Juice Co. v. Long Is. R. R. Co., 279 App. Div. 985). Yet, it is my view that the instant situation is similar to that in which plaintiff submits himself to a physical examinaton in a spirit of co-operation rather than to one in which an attorney makes independent investigation and without resort to the co-operation of the plaintiff. (Naiman v. Niagara Falls Ins. Co., 283 App. Div. 1016; Nadler v. Commercial Travelers Mut. Acc. Assn., 137 N. Y. S. 2d 176.) In the latter case a report is part of the defendant’s nonadversary trial preparation. In the former, it is based on an adversary examination. Thus, the instant reports are based on an adversary examination of plaintiff’s medical information rather than upon an examination of plaintiff’s physical person. I see no essential difference between these situations.
The motion is granted to the extent that the defendants shall furnish copies of all reports based on the material given them by the plaintiff which are to be used by defendants on trial.